JOHN  W.  KELLER,  Respondent,  *v.*  H.  G.  BLASDEL, Appellant.

A. complaint cannot be altered in a material part thereof without notice to defendant.  Especially it cannot be so altered as to set out a new and distinct cause of action.

Where there has been a decision of this Court to the effect that one of several defendants in the case made by plaintiff cannot be held either severally or jointly with the other defendants, and upon the case being called again in the lower Court, the plaintiff so amends his complaint as to dismiss as to all' other defendants, and make a case against the defendant who had previously been held not liable, and then proceed to trial in his absence, this is such surprise as to entitle that defendant to a new trial.—Per Beatty, J.

Appeal from a judgment of the First Judicial District, Storey County, the Hon. Richard Rising presiding.

The facts in the case are sufficiently stated in the Opinion.

*Williams & Bixler*, for Appellant, made the following points :

The District Court had no jurisdiction of this case, because it had been appealed·to the Supreme Court, and no ·remittitur from this Court had been filed in the District Court.   The remittitur consists of a copy of the judgment and opinion of this Court.   A copy of the judgment in this Court not accompanied by the opinion is not a remittitur.

It was error, after amending the complaint, to proceed to trial

without service or notice of that amendment. (Sec. 43, Practice Act; *People* v. *Woods*, 2 Sandford's S. C. N. Y. Reports, 652; *Aikin* v. *Elliott*, 14 How. P. R. 339.)

A new trial should have been granted on the ground of surprise.

*Taylor & Campbell*, for Respondent.

Opinion by BEATTY, J.

This was an action of assumpsit, brought originally against H. G. Blasdel, John Paul, Doctor Pinkerton, —— Prince, John Doe, and Richard Roe, known as the Building Committee of the Methodist Episcopal Church.

It was tried in the Court below, and a judgment rendered against H. G. Blasdel and —— Prince. An appeal was taken from that judgment, and from an order refusing a new trial. The evidence in this case was brought up to this Court. The principal evidence in the case was that of the plaintiff, Keller. This Court reversed the judgment of the Court below, and sent the case back for further proceedings.

According to the opinion of this Court, the evidence of plaintiff did not tend to make out any case against Blasdel, but clearly negatived his liability. The case made by plaintiff's own statement showed that if anybody was liable to him it was the Building Committee of the Church, who, according to his statement, were to sign a written contract, but did not sign the same. That committee, or at least the parties who were to sign the contract, were Paul, Deal, Prince, and Anthony. Blasdel was not one of them. Then, under the facts as stated by plaintiff himself, and the opinion of this Court, there never could be a joint judgment against the Building Committee (or those who were to sign the contract) and Blasdel.

The plaintiff might, according to the opinion there expressed, get a judgment against the committee if he could prove some additional facts to those sworn to on the first trial; facts which would in no way have been inconsistent with those facts he had sworn to on the first trial. To obtain, however, a judgment against Blasdel, he must prove facts inconsistent with those sworn to on the first trial.

Under this state of the record, a certified copy of the *judgment* in this Court was taken to the Court below ; the case was put on the calendar, set for trial, and called up in its regular course. When called, neither Blasdel nor his counsel, nor indeed any of the ·defendants, were present. The plaintiff moved to amend his complaint so as to strike out the names and description, etc., of all other parties except H. G. Blasdel. The Court gave leave to make the amendment ; it was made, and the plaintiff proceeded to trial, and obtained judgment.

Blasdel got notice through third parties that the trial was progressing, not in time to make any defense. in the case, but in time to make a statement on motion for new trial.

The motion was made and overruled, and he appeals to this Court. There are a number of grounds stated why a new trial should have been granted. It will not, we think, be necessary to notice more than two of them.

The appellant complains, and we think justly, that the complaint was amended in a material matter without notice to him. When a party is sued he is only required to answer the complaint served on him ; he is not expected without further notice to answer a totally different and distinct cause of action. Blasdel was sued on an alleged joint cause of action against himself and others. He may have been satisfied that defendant would never prove such joint cause of action whether he was or was not present. Or he may have been willing that a joint judgment should go against himself and others to be first made of the joint property, but by no means willing to risk an individual judgment against himself without being present to defend.

It was totally irregular to thus amend the complaint without notice, and when neither he nor his counsel were present. We think, too, the appellant was fairly entitled to a new trial on the ground of surprise. According to the former opinion of this Court, and the case made out by the plaintiff's own testimony, it was evident the plaintiff could only recover against the committee who were to sign the contract, if against anybody. The appellant then had a just reason for supposing the case would not be prosecuted against him. He had a right to suppose, either that the case would

be dismissed, or so amended as to be prosecuted against those who were to have signed the contract, and none others.

We do not think appellant was quite as diligent in attending to the case as he should have been; but it would be a very harsh application of the rules of law which would thus punish a slight want of diligence by sustaining a judgment obtained under circumstances so suspicious and indicative of fraud. Appellant certainly had no right to expect the plaintiff would so far refresh his memory about old and past transactions as to be able to make out a case against him when his former testimony had negatived any such case; or, indeed, to suppose he would try to make out a case entirely at variance with his former statement.

The case is reversed, and a new trial granted.

By LEWIS, C. J.

I concur in the reversal upon the ground of the amendment of the complaint without notice.